Middle District of Alabama | United States District Court
Northern Division

| | |
|---|---|
| **Rachel Crook**<br><br>    Plaintiff,<br><br>v.<br><br>**Rooms To Go Alabama Corp.**<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

1. PLAINTIFF brings this complaint for damages against DEFENDANT and alleges as follows:

## STATEMENT OF JURISDICTION

2. The jurisdiction of this court is invoked pursuant to the Family and Medical Leave Act ("FMLA") as amended; 29 U.S.C. § 2615 (a)(1). The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the FMLA against interference with family medical leave and retaliation because of family medical leave.

## PARTIES

3. Rachel Crook ("Plaintiff" or "Ms. Crook") is a citizen of the Middle District of Alabama and is over the age of nineteen.

4. Rooms To Go Alabama Corp. ("Defendant") is a foreign corporation that is headquartered in the State of Florida and at all relevant times, was and is doing business in the Middle District of Alabama.

## FACTS ALLEGED

5. Ms. Crook worked at the 6810 Eastchase Pkwy Montgomery, Alabama 36117 and 3875 Chapel Lane, Suite A Birmingham, Alabama 35244 locations for the Defendant.

6. Ms. Crook was a Visual Merchandiser for the Defendant.

7. Ms. Crook's position as a Visual Merchandiser required her to travel between the Montgomery and Birmingham locations for the Defendant regularly.

8. Ms. Crook was in an automobile accident on April 22, 2024 while traveling back to her home in Montgomery from Defendant's Birmingham location in which her car was totaled.

9. One of the many injuries that Ms. Crook suffered in the accident on April 22, 2024 was a fractured left hand. She is left hand dominant.

10. Due to her injuries, including but not limited to her left-hand fracture, Ms. Crook was unable to report to work from April 23, 2024 through May 7, 2024.

11. Ms. Crook's doctor gave her work restrictions of "light duty" which included her not being able to drive long distances.

12. Ms. Crook returned to work on May 8, 2024 at Defendant's Montgomery location, and the Defendant immediately started pressuring her to drive to their Birmingham location despite Ms. Crook advising the Defendant that she was unable to use her left hand to drive and that being in a car for extended periods of time exacerbated the other injuries she suffered in the car accident. Additionally, Ms. Crook was without a vehicle as, previously mentioned, her vehicle was totaled in the automobile accident on April 22, 2024.

13. During the first week of June 2024, Ms. Crook provided FMLA intermittent leave medical documentation from her doctor to the Defendant that stated she needed intermittent FMLA leave from June 4, 2024 through July 25, 2024 which included not being able to drive long distances.

14. On June 17, 2024, Tommy Guy emailed Ms. Crook and advised her that she was still expected to drive to their other store locations and that she had to start doing so on Tuesday, June 25, 2024.

15. On June 18, 2024, Ms. Crooks received a conference call from Sully Sarita, Tommy Guy, and Scott Steger in which they asked her to find another way to travel to the other store locations despite her intermittent FMLA leave request and medical restriction of not driving long distances.

16. They asked her if she was going to resign, and Ms. Crook advised that she was not going to resign because she wanted her job, had applied for FMLA intermittent leave and had work restrictions put in place by her doctor due to her injuries.

17. Sully Sarita, Tommy Guy, and Scott Steger then advised Ms. Crook that since she was unable to drive to their Birmingham location, that her employment was terminated effective immediately, June 18, 2024 and that she needed to pick up her personal belongings from the Montgomery, Alabama store location.

## CLAIMS FOR RELIEF

### COUNT ONE
**(Defendant Willfully Interfered with Ms. Crook's Request for Leave in Violation of the Family and Medical Leave Act, 29 U.S.C. §2615 *et seq.*)**

18. Defendants are an "employer" subject to the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2611(4). Defendant owns and operates multiple locations within a 75-mile radius of Ms. Crook's two work sites. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto. The aforementioned definition also includes, "…any person who acts, directly or indirectly, in the interest of an employer to any of the employees of

such employer…" Family and Medical Leave Act, 29 U.S.C. § 2611(4) (A) (ii) (I).

19. Ms. Crook is an "employee" entitled to protections under the Family and Medical Leave Act, 29 U.S.C. § 2611(2). Ms. Crook worked for the Defendant for at least 12 months. Ms. Crook worked for the employer for at least 1,250 hours in the 12 months before she requested leave. Ms. Crook worked at a location where Defendant has at least 50 employees within a 75-mile radius of her worksite.

20. Defendant "interfer[ed] with, restrain[ed] and/or den[ied] Plaintiff's Family and Medical Leave Act rights, 29 U.S.C. §2615(a)(1).

21. Plaintiff's leave request to treat the pain in her hand as directed by her physician was a qualifying event within the meaning of the FMLA. 29 U.S.C. §2612 (12)(a)(1)(D).

22. Because Ms. Crook was eligible for the protections of the FMLA, Defendant was required by 29 U.S.C. §2612-2614 to afford her family leave and restore her to her position as a Visual Merchandiser, or to an equivalent position with equivalent benefits, pay and other terms and conditions.

23. Defendant knowingly and willfully interfered with Ms. Crook's Family and Medical Leave Act rights when Sully Sarita, Tommy Guy, and

Scott Steger contacted her on June 18, 2024 and terminated her in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 *et seq*.

24. Defendant also knowingly and willfully interfered with Ms. Crook's Family and Medical Leave Act rights when she requested leave when Tommy Guy emailed her on June 17, 2024 advising her that she would have to start driving to the other store locations no later than June 25, 2024 in violation of the Family and Medical Leave Act, 29 U.S.C §2615 *et seq*.

25. There is a causal connection between Ms. Crook requesting leave and Defendant's interference with Ms. Crook's leave when Defendant's terminated Plaintiff after she requested FMLA leave to treat and recover from her injuries. Defendant's adverse actions against Ms. Crook occurred under circumstances that give rise to an inference of unlawful interference with Ms. Crook's established rights. Ms. Crook was terminated just weeks after she requested her right to leave.

26. The acts committed by the Defendant were outrageous, wanton, intentional, and in deliberate disregard of Ms. Crook's established rights.

27. Defendant knowingly and willfully violated the Family and Medical Leave Act. Under such circumstances, Ms. Crook may recover, liquidated damages as claimed as additional damages pursuant to 29 U.S.C §2617.

28. As a direct and proximate result of the unlawful acts of the Defendant, Plaintiff has suffered and continues to suffer loss of back pay, lost front pay, loss of other employment benefits, liquidated damages, and interest for loss of back pay, front pay, and loss of other employment benefits.

## COUNT TWO
**(Defendant Willfully Discriminated and Retaliated Against Ms. Crook's Request for Leave in Violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*)**

29. Defendant are an "employer" subject to the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2611(4). Defendant owns and operates multiple locations within a 75-mile radius of Ms. Crook's two work sites. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto. The aforementioned definition also includes, "…any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer…" Family and Medical Leave Act, 29 U.S.C. § 2611(4) (A) (ii) (I).

30. Ms. Crook is an "employee" entitled to protections under the Family and Medical Leave Act, 29 U.S.C. § 2611(2). Ms. Crook worked for Defendant for at least 12 months. Ms. Crook worked for the employer for at least 1,250 hours in the 12 months before she requested leave. Ms. Crook worked at a

location where Defendant has at least 50 employees within a 75-mile radius of her worksite.

31. Defendant knowingly and willfully interfered with Ms. Crook's Family and Medical Leave Act rights when Sully Sarita, Tommy Guy, and Scott Steger contacted her on June 18, 2024 and terminated her in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 *et seq*.

32. Defendant also knowingly and willfully interfered with Ms. Crook's Family and Medical Leave Act rights when she requested leave when Tommy Guy emailed her on June 17, 2024 advising her that she would have to start driving to the other store locations no later than June 25, 2024 in violation of the Family and Medical Leave Act, 29 U.S.C §2615 *et seq*.

33. There is a causal connection between Ms. Crook requesting leave and Defendant's interference with Ms. Crook's leave when Defendant's terminated Plaintiff after she requested FMLA leave to treat and recover from her injuries. Defendant's adverse actions against Ms. Crook occurred under circumstances that give rise to an inference of unlawful interference with Ms. Crook's established rights. Ms. Crook was terminated just weeks after she requested her right to leave.

34. The acts committed by the Defendant were willful, outrageous, wanton, intentional, and in deliberate disregard of Ms. Crook's established rights.

35. Defendant knowingly and willfully violated the Family and Medical Leave Act. Under such circumstances, Ms. Crook may recover, liquidated damages as claimed as additional damages pursuant to 29 U.S.C §2617.

36. As a direct and proximate result of the unlawful acts of the Defendant, Ms. Crook has suffered and continues to suffer loss of back pay, lost front pay, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, loss of dignity, and great expense, including damage to career.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, lost wages, compensatory damages, liquidated damages;

2. Plaintiff prays for attorney fees and such other and further, different or additional relief as justice may require.

Respectfully submitted on: March 11, 2025

        By:

         /s/ Ramon Martin
         Ramon Martin (ASB-1597-X69W)

Of Counsel:

The Justice Law Firm, LLC
505 20th Street North
Suite 1220-1157
Birmingham, AL 35203
Phone: (205) 983-2017
Email: Ramon.Martin@LegalJusticeMatters.com